## Nashua & Lowell Railroad v. Nashua.

The real estate of railroads, not used for the ordinary and usual purposes in operating the roads, is subject to municipal taxation under Gen. Laws, c. 53, ss. 5, 9.

If such property is improperly included by the state board of equalization in the special assessment required in the case of railroads, a remedy is afforded against the state by Gen. Laws, c. 62, s. 9.

Petition, for the abatement of taxes. The petition alleges that the plaintiffs are the owners of certain real estate within their location in the city of Nashua; that it is assessed and taxed by the state, and is not liable to be taxed elsewhere; that the assessors of Nashua assessed taxes upon the same as follows: Franklin opera-house $82, upon a valuation of $5,000; Indian Head Bank office $24.60, upon a valuation of $1,500; brick building adjoining the bridge $73.80, upon a valuation of $4,500; store and land, railroad square, $147.60, upon a valuation of $9,000; coal-sheds and land $32.80, upon a valuation of $2,000; Butterfield land, adjoining land of Lund. $1.60, upon a valuation of $100. That the petitioners have complied with all the provisions of the law in regard to taxation, and have also applied for abatement agreeably to law, but the assessors have refused to make any abatement. The defendants demurred to the petition. The property taxed as above is not used for the purposes of the railroad except that the annual meetings of the plaintiff corporation are holden in the opera-house, and it and the other pieces of real estate enumerated above are rented to tenants for the benefit of the corporation. On these facts the question is reserved whether the plaintiffs are taxable as above.

J. H. George and C. H. Burns, for the petitioners. By section 2 of chapter 62, Gen. Laws, it is provided as follows: That the state board of equalization shall determine the actual value of every railroad liable to taxation, and the rate at which the same shall be taxed.

Sec. 3. Every such corporation shall furnish to the state board of equalization all evidence necessary for their action, or which may be required by them.

Sec. 7. The state treasurer shall seasonably apportion all taxes so received by him in each year in the following manner:

1. To the towns in which any railroad is located, one fourth of the tax paid by the railroad corporation, of which each town shall receive its proportion according to the share of the capital of the corporation expended therein for its buildings and right of way.

Now in this case the state board of equalization determined the

actual value of the road, which included the property taxed by the city of Nashua; the corporation complied with the law and gave them all necessary evidence, and paid the tax which the board determined should be payable by them, and which the state treasurer paid to Nashua as provided by the statute, so that, while the city does not receive a direct tax upon this property, it receives it indirectly through the state treasurer; and this is all it seems to us that the legislature intended should be levied upon this property. The stock of a railroad which is to be taxed to the railroad is its tangible property, and not its shares. *Auditor* v. *Railroad*, 11 Ind. 570; *State* v. *Hamilton*, 5 Ind. 310.

The railroads of this state do not enter into the assessment of property of any city or county, even for the purposes of revenue, but are assessed by the state according to statute, which includes all the realty lying and being within the location; hence the cities through which they pass, should they levy a tax upon them, would subject them to duplicate taxation. *Railroad* v. *Warren County*, 5 Bush 243. By section 8 of chapter 53 no statute provision shall be so construed as to subject any stock to double taxation. No property is liable to double taxation. *Savings Bank* v. *Nashua*, 46 N. H. 398. Double taxation in this state is unconstitutional. *Smith* v. *Burley*, 9 N. H. 427. And it is a fundamental principle in taxation, that the same property shall not be subject to a double tax payable by the same party. Thus, when it is decided that a certain class or kind of property is liable to be taxed under one provision of the statute, it follows as a legal conclusion that the legislature could not have intended that the same property should be subject to another tax. *Bank* v. *Portsmouth*, 52 N. H. 17. An exemption from local taxation may be implied when the company would otherwise be subject to double taxation, and such taxation appears to be contrary to legislative intent. Pierce R. R. 479; *Railroad* v. *Sabin*, 26 Pa. St. 242; *Railroad* v. *Shacklett*, 30 Mo. 550; *State* v. *Railroad*, 37 Mo. 265. But in this case there is no implication. The statute distinctly says that there shall be no double taxation, and double taxation is unconstitutional. And the decisions in this state have gone so far in this desire to escape duplicate taxation, that in *Kimball* v. *Milford*, 54 N. H. 406, it was held that stock in a foreign corporation, which by its charter pays a specific tax in lieu of all others, was not taxable in this state under the statute. 2 Am. Law Rep. 504.

These buildings and lands are a part of the capital of the railroad. The capital of the corporation was expended in their purchase, and it is for just such property as this that the cities receive their proportion of one fourth from the state treasurer, under section 7. The more capital that the railroad expends in this city for its buildings and land, the greater will be the proportionate share of the tax assessed by the state which the city will receive.

The city receives the benefit of these erections, and they contribute their share towards reducing the tax to be raised by the city in other ways.

If the corporation had not brought their capital into the city in the form of these buildings, the value of the railroad within the city limits would be much less, and consequently the tax returned to the city by the state would be greatly diminished; hence this property having contributed once to taxation, the railroad ought not to be taxed by the city of Nashua upon this same property, on which it has already paid a tax to the state in lieu of other taxation as provided by statute.

It can make no difference to Nashua whether the property assessed is used for an opera-house, or for the offices of the corporation. The purpose of its use neither diminishes nor increases the property; its real value is assessed by the state, and the corporation pays a tax upon it, whatever it may be. It is a part of the capital, which lies within the location granted by the state, and is specifically taxed by the state. To again tax it would be a palpable violation of the law and the constitution, and certainly would be without any foundation in equity.

*R. D. Barnes*, *City Solicitor*, for the defendants.

BLODGETT, J.   If the plaintiffs are entitled to an abatement, they have mistaken both the party and the remedy.

Real estate shall be taxed in the town in which it is situate. G. L., c. 64, s. 11.   The real estate of railroads, not used for the ordinary and usual purposes in operating the roads  .  .  .  shall be appraised and taxed as real estate.   G. L.. c. 53, s. 5; and see, also, s. 9.   And this would seem to be so in the absence of statute provisions.   Pierce R. R. 484, and cases cited; Cool. Tax. 151, n. 1.   The property in question was therefore clearly subject to ordinary municipal taxation by the defendant city.

And if the plaintiffs are entitled to an abatement on the ground that such property was included by the state board of equalization in the special assessment required by law in the case of railroads, and so has been subjected to double taxation, the way to obtain redress against the proper party is plainly pointed out in c. 61, s. 9, Gen. Laws, which provides that " any party aggrieved at the decision of said board shall give notice thereof to said board, in writing, within six months after notice of such decision, and shall apply by petition for redress, within one year from the same time, to the supreme court at its law term, which shall give such notice to the parties, and such hearing, and make such orders in the same, as justice may require;" and that in all such proceedings the state shall be the defendant.   The demurrer is sustained.

*Petition dismissed.*

STANLEY, J., did not sit: the others concurred.